# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00115-03 |
|---|---|
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| THAOPHILIUS C. GOINS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner Thaophilius C. Goins' ("Goins") Motion for Release to Home Confinement/Compassionate Release (Record Document 184). The Government has opposed Goins' motion. See Record Document 187. Goins replied. See Record Document 189. For the reasons set forth below, Goins' Motion for Release to Home Confinement/Compassionate Release is hereby **DENIED**.

## BACKGROUND

On April 10, 2010, Goins pled guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). See Record Documents 109, 110. The investigation and factual basis demonstrate that Goins, a resident of Houston, was an integral part of a drug trafficking operation moving large amounts of cocaine into the Ruston, Louisiana area. See Record Document 110-2; Presentence Investigation Report at ¶¶ 8-15. On October 12, 2010, Goins was sentenced to 180 months imprisonment. See Record Documents 158, 160. Goins is currently incarcerated at FCI Forrest City Low in Arkansas. His projected release date is August 23, 2022.

## LAW AND ANALYSIS

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Goins moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). The Government argued in its August 2020 response that Goins had not exhausted his administrative remedies and the Court must dismiss the motion. See Record Document 187. As part of his reply, Goins submitted a copy of a September 1, 2020 request to the warden seeking compassionate release. See Record Document 189 at 2. While it is unclear of the response he received from the BOP, there has been a lapse of 30 days. Thus, Goins has exhausted his administrative remedies and the Court may proceed to the merits of the motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Goins' term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under

Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions

that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, Goins maintains he "is at high risk of getting severe complications or possible death if he contracts Covid 19." Record Document 184 at 1. He also seems to rely upon a generalized fear of the COVID-19 virus as a basis for his release. He has submitted a medical record dated 2-1-2011 showing "a history of hypertension" and a "known mass in the left upper chest." Record Document 184-2 at 1. Without more current medical information, it is hard for this Court to say that Goins has met his burden to show circumstances meeting the test for compassionate release. In Thompson, the Fifth Circuit stated:

> We acknowledge that [the petitioner's] chronic illnesses place him at a higher risk of severe symptoms, should he contract COVID, is true for a person without these illnesses. Nonetheless, as the district court noted, it is uncertain that he is at a significantly higher risk than is the general inmate population. In fact, nearly half of the adult population in the United States suffers from hypertension. And roughly 12% of Americans suffer from high cholesterol. Thus, we cannot say that either of those conditions makes [the petitioner's] case "extraordinary." Unfortunately, both are commonplace.

Thompson, 984 F.3d at 434. Goins' generalized fear, hypertension, and chest mass do not appear to rise to the level of extraordinary and compelling. Yet, even if this Court were to assume Goins has presented an extraordinary and compelling reason for release his motion fails.

This Court believes granting release in Goins' case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Goins' offense disfavor release, as he was involved in a large drug conspiracy ring. See Record Document 110-2; Presentence Investigation Report at ¶¶ 8-15. Before the instant conviction, Goins had a lengthy criminal history, including two

prior convictions in federal court for drug distribution.  See Presentence Investigation Report at ¶¶ 33-46.  A reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant.  A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Goins' Motion for Release to Home Confinement/Compassionate Release (Record Document 184) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of June, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT